UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PANSY VIRGINIA JAMES,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | No. 1:14-CV-03049-JTR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF No. 17, 18. Attorney Thomas Bothwell represents Pansy Virginia James (Plaintiff); Special Assistant United States Attorney Benjamin J. Groebner represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 4, 22. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and

Disability Insurance Benefits (DIB) on March 15, 2010, alleging disability since July 15, 2005, due to attention deficit hyperactivity disorder (ADHD), borderline personality disorder, post-concussion syndrome, migraine headaches, cervicogenic headaches, and seizures. Tr. 124-135, 149. The applications were denied initially and upon reconsideration. Tr. 75-81, 83-86. Administrative Law Judge (ALJ) Mary Gallagher Dilley held a hearing on July 2, 2012, at which Plaintiff, represented by counsel, and vocational expert (VE) Trever Duncan testified. Tr. 31-66. The ALJ issued an unfavorable decision on August 30, 2012. Tr. 11-25. The Appeals Council denied review on February 19, 2014. Tr. 1-5. The ALJ's August 30, 2012, decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on April 18, 2014. ECF No. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. The records most applicable to the issues being appealed are only briefly summarized here.

Plaintiff was 28 years old at the alleged date of onset. Tr. 124. Plaintiff completed the twelfth grade in 1994, she received training as a Certified Nurse's Assistant (CNA) in 1999, and she completed Construction Tech Class in 2006. Tr. 150. She has past work as an Avon distributor, a CNA, a childcare provider, a receptionist, and a housekeeper. Tr. 43, 62, 157-161. Plaintiff reported she stopped working because of her conditions and because the temporary job she had ended. Tr. 150. At the administrative hearing, Plaintiff described chronic pain, poor social skills, and difficulty concentrating as limitations preventing her from working. Tr. 42, 44, 49-51.

In 2007 and 2008, Plaintiff received counseling from Central Washington Comprehensive Mental Health. Tr. 846-917. While receiving counseling, Plaintiff was evaluated by Heather McClure, ARNP, on December 27, 2007. Tr. 910-912.

In the interview, Nurse McClure observed that Plaintiff had a "very gregarious nature, which is somewhat off-putting," and this nature was exacerbated by her anxiety. Tr. 912. Additionally, she noted Plaintiff was disheveled, her behavior was "impulsive and dramatic," "she would keep talking over me when I asked her questions, and occasionally would interrupt me," her thought process was obsessive, and her speech was pressured. *Id.* Nurse McClure concluded that Plaintiff had "problems focusing and clearly [had] problems remaining on task through even a simple conversation." *Id.* In October 2008, Plaintiff began seeing Esther Hunte, M.D. Tr. 557. Dr. Hunte supplied opinions regarding Plaintiff's functional abilities on May 7, 2009, March 19, 2010, March 8, 2011, and June 20, 2012. Tr. 404-405, 407-408, 918-919, 1025. In September of 2009, Plaintiff was evaluated by Chris DeVilleneuve, MBA/HCM, M.Ed., DMHP, who concluded that Plaintiff had one marked limitation and three moderate limitations in her cognitive abilities and a marked limitation in all social abilities. Tr. 399.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. Nevertheless, a decision supported by substantial

evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon claimants to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once claimants establish that physical or mental impairments prevent them from engaging in their previous occupations. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If claimants cannot do their past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimants can make an adjustment to other work, and (2) specific jobs exist in the national economy which claimants can perform. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If claimants cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On August 30, 2012, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date, July 15, 2005. Tr. 13.

At step two, the ALJ determined Plaintiff had the following severe impairments: mood disorder; post-traumatic stress disorder (PTSD); ADHD;

cognitive disorder, not otherwise specified; personality disorder; seizures; headaches; and mild degenerative disc disease.  Tr. 13-16.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  Tr. 16-17.

At step four, the ALJ assessed Plaintiff's residual functional capacity (RFC) and determined Plaintiff could perform light work with the following limitations:

> Specifically, she can occasionally lift and carry 20 pounds, frequently lift and carry 10 pounds, stand and walk about 6 hours in an 8-hour workday with normal breaks, and sit about 6 hours in an 8-hour workday with normal breaks.  She can frequently balance, stoop, and climb ramps and stairs and can occasionally kneel and crawl.  She is restricted from climbing ladders, ropes, and scaffolds and should avoid concentrated exposure to extreme cold, extreme heat, noise, vibration, and hazards (such as working around machinery or heights).  She retains the memory and concentration to understand, remember, and carry out tasks that do not involve more than basic math calculations. She is capable of occasional superficial contact with co-workers and the general public.  She can perform work learned by demonstration.

Tr. 17.  The ALJ concluded that Plaintiff was able to perform her past relevant work as a housekeeper.  Tr. 23.

In the alternative to a step four determination, the ALJ proceeded with a step five determination, concluding that, considering Plaintiff's age, education, work experience and RFC, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the occupations of small product assembler and hand packager.  Tr. 24.

Thus, the ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from July 15, 2005, through the date of the ALJ's decision, August 30, 2012.  Tr. 24.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.  Plaintiff contends the ALJ erred by (1) failing to accord proper weight to the medical opinions of Esther Hunte, M.D., Heather McClure, ARNP, and Chris DeVilleneuve, MBA/HCM, M.Ed., DMHP; and (2) failing to present a hypothetical to the vocational expert that accounted for all of Plaintiff's limitations.

**DISCUSSION**

**A.    Weight of Medical Opinions**

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinions expressed by treating physician Dr. Hunte, Nurse Practitioner Heather McClure, and mental health professional Chris DeVilleneuve.  ECF No. 17 at 10-18.

**1.    Esther Hunte, M.D.**

Dr. Hunte began treating Plaintiff in October 2008.  Tr. 557.  She gave opinions regarding Plaintiff's functional abilities on May 7, 2009, March 19, 2010, March 8, 2011, and June 20, 2012.  Tr. 404-405, 407-408, 918-919, 1025.  The ALJ addresses three of the opinions in her decision, omitting any reference to the March 19, 2010, opinion.  Tr. 22.  Plaintiff asserts that the ALJ erred in the treatment of each of these four opinions.  ECF No. 17 at 11-15.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) nonexamining physicians who neither treat nor examine the claimant.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  The ALJ should give more weight to

ORDER GRANTING PLAINTIFF'S MOTION . . . - 6

the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). When a treating physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989). "The ALJ must do more than offer [her] conclusions. [She] must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen,* 849 F.2d 418, 421–22 (9th Cir. 1988).

Both Plaintiff and Defendant agree that Dr. Hunte qualifies as a treating physician. ECF No. 17 at 11; ECF No. 18 at 4. Plaintiff asserts that the clear and convincing standard applies. ECF No. 17 at 10. Defendant asserts that specific and legitimate standard applies. ECF No. 18 at 6. In any event, the Court determines that the ALJ's reasons for rejecting Dr. Hunte's opinions fails to meet the lower standard of specific and legitimate. See *infra*. Therefore, the higher standard of clear and convincing is also not met.

On May 7, 2009, Dr. Hunte diagnosed Plaintiff with neck sprain, cervicogenic headaches, migraine headaches, and post-concussion syndrome. Tr. 404. Dr. Hunte opined that Plaintiff had the following RFC: sit for four hours and perform occasional standing and walking; no additional walking or standing; no repetitive pushing/pulling with the upper extremities bilaterally; six hours of repetitive use of feet and legs bilaterally; no frequent stooping; no frequent bending; lifting and carrying five pounds frequently with occasionally carrying up

to ten pounds; and no concentrating for more than five minutes. Tr. 404-405. Additionally, Plaintiff was precluded from participating in a job search lasting 35 hours per week, and she was precluded from community service activities. Tr. 405.

The ALJ rejected this opinion, for three reasons: (1) it was "disproportionate to other evidence in the record"; (2) it was disproportionate to Dr. Hunte's own contemporaneous treatment notes; and (3) it was inconsistent with claimant's admitted abilities and activities. Tr. 22.

In order to satisfy the "specific, legitimate reasons" requirement, it is not sufficient to simply state that a treating physician's opinion is not supported by objective findings or is contrary to the conclusions mandated by the evidence. *Embrey,* 849 F.2d at 421. "The ALJ must do more than offer [her] conclusions. [She] must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Id.* at 421-22.

The ALJ was required to set forth her interpretations of the doctor's notes and explain why they were insufficient to support her medical conclusions regarding Plaintiff's inability to work. In all three of the reasons the ALJ gave for rejecting the May 7, 2009, opinion, she made conclusory statements without stating what evidence in the record supported her conclusion: she failed to state what evidence in the record was disproportional to Dr. Hunte's opinion; she failed to state what evidence in Dr. Hunte's treatment notes were disproportionate to Dr. Hunte's opinion; and she failed to state which of Plaintiff's abilities and activities were inconsistent with Dr. Hunte's opinion. Therefore, none of the ALJ's reasons qualify as a specific and legitimate reason.

On March 19, 2010, Dr. Hunte diagnosed Plaintiff as pregnant, migraine headaches, bipolar disorder, and seizer disorder. Tr. 407-408. Dr. Hunte opined that Plaintiff had the following RFC: sit for six hours and perform occasional standing and walking; walk for one hour; no additional standing; no repetitive

pushing/pulling with the upper extremities; one hour of repetitive use of feet and legs bilaterally; no frequent stooping; no frequent bending; and lifting and carrying five pounds frequently with occasionally carrying up to ten pounds. *Id*. Dr. Hunte further precluded Plaintiff from participating in a job search lasting 35 hours per week, but did state Plaintiff could perform six hours of community service a week. *Id*. The ALJ's decision is silent regarding this opinion.

20 C.F.R. §§ 404.1527(b)-(c), 416.927(b)-(c) states that "we will always consider the medical opinions in your case record together with the reset of the relevant evidence we receive," and requires the ALJ to evaluate every medical opinion received, "[r]egardless of its source."

The ALJ was required to address all medical opinions in the record. Her failure to do so is error.

On March 8, 2011, Dr. Hunte limited Plaintiff to light work stating that Plaintiff had "[d]ifficulty in sitting in one position for long periods of time bending over, lifting anything greater than 20 lbs. She is having [*sic*] doing fine manipulations with her hands as well. Her bipolar and attention deficient make concentration and interacting with people difficult," and "[s]he has difficulty with concentration and memory retention. Also sitting for long periods of time would be difficult." Tr. 918-919. The ALJ concluded that this opinion was "consistent with other medical evidence of record and the claimant's activities of daily living, and support[s] the synthesis reached by the DDS consultants," but the ALJ did not accept Dr. Hunte's opinion regarding Plaintiff's ability to concentrate "as it is out of proportion to the objective evidence." Tr. 22.

The ALJ's statement regarding this opinion contains two errors: (1) the ALJ failed to resolve the ambiguity of Dr. Hunte's statement regarding Plaintiff's manipulative limitations; and (2) the ALJ failed to specifically state what objective evidence was out of proportion with Dr. Hunte's statement concerning Plaintiff's concentration and memory.

First, it is unclear whether Dr. Hunte was limiting Plaintiff's manipulative abilities as it appears a necessary word is missing. Tr. 918. The ALJ stated that this opinion was consistent with the opinion of the DDS consultant, Dr. Wolfe, but Dr. Wolfe found that Plaintiff had no manipulative limitations. Tr. 604.

The ALJ is responsible for resolving ambiguities. *Andrews*, 53 F.3d at 1039. Ambiguous evidence triggers the ALJ's duty to further develop the record. *Mayes v. Massanari*, 276 F.3d 453, 459-460 (9th Cir. 2001).

The ALJ's failure to address the ambiguity in her decision and resolve it is an error. If the ambiguity could not be resolved, the ALJ was required to further develop the record to clarify what Dr. Hunte was attempting to communicate.

Second, as addressed above, "the ALJ must do more than offer [her] conclusions. [She] must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421-422. Therefore, the ALJ's statement that Plaintiff's ability to concentrate "is out of proportion to the objective evidence" without specific reference to objective evidence is insufficient to meet the specific and legitimate standard.

On June 20, 2012, Dr. Hunte opined that Plaintiff was not capable of performing any type of work on a reasonably continuous, sustained basis, stating that it was "[m]ostly a concentration and comprehension issue. Physically she may be able to do sedentary work but her ability to concentrate longer than 5 minutes is impaired." Tr. 1025.

The ALJ rejected this opinion, for four reasons: (1) it was "disproportionate to other evidence in the record"; (2) it was disproportionate to Dr. Hunte's own contemporaneous treatment notes; (3) it was inconsistent with claimant's admitted abilities and activities, and (4) it "was created by Counsel in connection with an effort to generate evidence for the current appeal," noting that "[a]lthough such evidence is certainly legitimate and deserves due consideration, the context in which it was produced cannot be entirely ignored." Tr. 22.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 10

The first three reasons the ALJ gave for rejecting the June 20, 2012, opinion failed to state what evidence in the record was disproportional to Dr. Hunte's opinion, what evidence in Dr. Hunte's treatment notes were disproportionate to Dr. Hunte's opinion, and which of Plaintiff's abilities and activities were inconsistent with Dr. Hunte's opinion. As discussed above, in order to satisfy the "specific, legitimate reasons" requirement, "the ALJ must do more than offer [her] conclusions. [She] must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421-422. Therefore, none of these reasons qualify as a specific and legitimate reason.

The fourth reason the ALJ provided for rejecting the June 20, 2012, opinion, that it was procured by counsel to support Plaintiff's appeal, is not a specific and legitimate reason to reject the opinion. See *Reddick v. Chater,* 157 F.3d 715, 726 (9th Cir. 1998) ("in the absence of other evidence to undermine the credibility of a medical report, the purpose for which the report was obtained does not provide a legitimate basis for rejecting it"); *Burkhart v. Bowen*, 856 F.2d 1335, 1339 (9th Cir. 1988) (the source of referral was found to be relevant where there was no objective medical basis for the opinion); *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (the source of the referral was found to be relevant where the ALJ found "actual improprieties" to question the credibility of the medical report).

Here, there is no other evidence to undermine the credibility of the medical report alleged by the ALJ. The ALJ states that she finds the evidence is disproportional to the opinion, but she does not find that there is *no* objective medical basis for the opinion. Additionally, the ALJ does not find that Dr. Hunte committed any actual improprieties in forming the opinion at the request of counsel. Therefore, the purpose for which the report was obtained is not a legitimate basis for rejecting it.

In conclusion, the ALJ failed to supply legally sufficient reasons for rejecting the opinions of Dr. Hunte. Therefore, the case shall be remanded for a *de*

ORDER GRANTING PLAINTIFF'S MOTION . . . - 11

*novo* hearing to properly address these opinions.

**2.    Heather McClure, ARNP**

Nurse McClure evaluated Plaintiff on December 27, 2007, and opined that Plaintiff "has problems focusing and clearly has problems remaining on task through even a simple conversation." Tr. 912.

The ALJ's decision is void of any reference to Nurse McClure. Tr. 11-25.

The Code of Federal Regulations requires evidence from "accepted medical sources" to establish the existence of a medically determinable impairment. 20 C.F.R. §§ 404.1513(a), 416.913(a)  "Accepted medical sources" include licensed physicians, licensed psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. *Id.* "Other sources" include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources. 20 C.F.R. § 404.1513(d). The opinions of "other sources" are relevant to provide insight into the severity of a claimant's impairments and how they affect a claimant's ability to function. 20 C.F.R. §§ 404.1513, 416.913; S.S.R. 06-03p. The opinions of "other sources" as to a claimant's symptoms is competent evidence the ALJ must take into account, unless he provides germane reasons to reject the source's opinion. *Nguyer v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

Defendant argues that the ALJ's failure to address Nurse McClure's opinion is not in error because the opinion is not probative evidence. ECF No. 18 at 15-16. In support of this assertion, Defendant cites *Vincent v. Heckler*, 739 F.2d 1393, 1394-1395 (9th Cir. 1984). ECF No. 18 at 15. In *Vincent*, "other sources" opined that the claimant had a serious mental impairment a resulting from a stroke. *Id.* This diagnostic determination is reserved for "acceptable medical sources." 20 C.F.R. §§ 404.1513(a), 416.913(a). Here, Nurse McClure's opinion was directed at the severity of Plaintiff's impairments and how they affect Plaintiff's ability to function. Therefore, the facts of *Vincent* are not parallel to the facts of this case,

ORDER GRANTING PLAINTIFF'S MOTION . . . - 12

and *Vincent* is not applicable.

While the Court acknowledges that Nurse McClure is not an "acceptable medical source" for determining the existence of a severe impairment, her opinion may provide insight into the severity of Plaintiff's impairments and how they affect Plaintiff's ability to function. 20 C.F.R. §§ 404.1513, 416.913; S.S.R. 06-03p. The regulations required the ALJ to address Nurse McClure's opinion regarding the severity of Plaintiff's impairments and how they affect Plaintiff's ability to function, and she failed to do so. The ALJ's failure to discuss Nurse McClure's opinion regarding these matters is error.

On remand, the ALJ is directed to consider the opinion of Nurse McClure as to Plaintiff's impairments and how they affect her ability to function, and assign it appropriate weight.

### 3.    Chris DeVilleneuve, MBA/HCM, M.Ed., DMHP

Mr. DeVilleneuve evaluated Plaintiff on September 9, 2009, and concluded Plaintiff had a marked limitation in the following abilities: to exercise judgment and make decisions; to relate appropriately to co-workers and supervisors; to interact appropriately in public contacts, to respond appropriately to and tolerate the pressures and expectations of a normal work setting; to care for self, including personal hygiene and appearance; and to maintain appropriate behavior in a work setting. Tr. 399. Additionally, Mr. DeVilleneuve opined that Plaintiff had a moderate limitation in the following abilities: to understand, remember and following complex (more than two step) instructions; to learn new tasks; and to perform routine tasks. *Id.*

The ALJ gave this opinion "no weight" for four reasons: (1) it does not conform to the other proof in the record including the records from Mr. DeVilleneuve's office; (2) the limitations are out of proportion to the claimant's ability to sustain daily work-related activities and social functioning; (3) Mr. DeVilleneuve is a non-acceptable medical source; and (4) Mr. DeVilleneuve relied

heavily on the subjective report of symptoms and limitations provided by the claimant.  Tr. 22.

The Code of Federal Regulations requires evidence "from accepted medical sources to establish whether you have a medically determinable impairment."  20 C.F.R. §§ 404.1513(a), 416.913(a)   "Accepted medical sources" include licensed physicians, licensed psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists.  *Id.*  "Other sources" include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources.  20 C.F.R. §§ 404.1513(d), 416.913(d).  While the ALJ is required to consider observations by "other sources" as to how an impairment affects a claimant's ability to work, *Id.*, the ALJ can disregard evidence from an "other source," by setting forth reasons "that are germane to each witness." *Nguyen v. Chater,* 100 F.3d 1462, 1467 (9th Cir. 1996).  Further, the reasons "germane to each witness" must be specific.  *Stout v. Comm'r,* 454 F.3d 1050, 1054 (9th Cir. 2006) (explaining that "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony").

The Court finds that the reasons the ALJ gave for rejecting Mr. DeVilleneuve's opinion were sufficient.  But, as discussed above, the ALJ failed to consider the opinion of Nurse McClure, which could be considered to support Mr. DeVilleneuve's conclusions regarding Plaintiff's marked limitations in social functioning.  Nurse McClure noted Plaintiff's behavior was "impulsive and dramatic," her "gregarious nature" was "somewhat off-putting," and she interrupted and talked over the interviewer.  Tr. 912.  These observations arguably support Mr. DeVilleneuve's conclusion of marked limitations in the ability to relate to co-workers and supervisors, ability to interact in public contacts, and ability to maintain appropriate behavior in a work setting.  Additionally, Nurse McClure noted that Plaintiff was disheveled and her clothes were "not exactly clean."  This may be seen as support for Mr. DeVilleneuve's opinion that Plaintiff

had a marked limitation in the ability to care for self, including personal hygiene and appearance. Therefore, on remand, the ALJ will reconsider Mr. DeVilleneuve's opinion in light of the weight given to other opinions in the record.

**B.    RFC and Hypothetical Question**

Plaintiff argues that the VE's testimony lacks evidentiary value because it was provided in response to an incomplete hypothetical. ECF No. 17 at 19.

A claimant's RFC is "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. § 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs"). In formulating a RFC, the ALJ weighs medical and other source opinions and also considers the claimant's credibility and ability to perform daily activities. *See*, *e.g.*, *Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009).

Considering the case is being remanded, the ALJ is instructed to form a new RFC in light of a reweighing of the opinion evidence as directed above and present that RFC to a VE, if necessary.

## REMEDY

Plaintiff argues that the ALJ's decision should be reversed and remanded for an immediate award of benefits. EFC No. 17 at 20. The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Remand for additional proceedings is appropriate when additional proceedings could remedy defects. *Rodriguez v. Bowen,* 876 F.2d 759, 763 (9th Cir. 1989). In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly

evaluated.  Further proceedings are necessary for a proper determination to be made.

On remand, the ALJ is to reweigh the medical opinions of Dr. Hunte, Nurse McClure, and Mr. DeVilleneuve and reassess Plaintiff's RFC, taking into consideration the opinions of the aforementioned medical providers and all other medical evidence of record relevant to Plaintiff's claim for disability benefits.  The ALJ, if warranted, is directed to elicit medical expert testimony to assist the ALJ in formulating a new RFC determination.  The ALJ is directed to obtain testimony from a vocational expert and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1.      Defendant's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

2.      Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED, in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3.      Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED December 28, 2015.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE